IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ADRIAN DESJUAN BISHOP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-15-0019-C |
| | ) | |
| MRS. KARI SELCER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION

This civil rights action brought by a prisoner, proceeding pro se, was referred to United States Magistrate Judge Suzanne Mitchell, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Mitchell entered a Report and Recommendation ("R&R") on April 15, 2015, to which Plaintiff has timely objected. The Court therefore considers the matter de novo.

In the R&R, Judge Mitchell recommended dismissal, finding Plaintiff's Complaint was too vague and unintelligible to demonstrate entitlement to relief. Plaintiff's objection (Dkt. No. 15) continues this trend. The objection is yet another vague and unintelligible stream of consciousness suggesting that he is somehow being wronged by prison staff. Nothing submitted by Plaintiff establishes facts on which a claim for relief can be based. Thus, as Judge Mitchell noted in the R&R, Plaintiff's case is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

This action is but one of many filed by Plaintiff. Multiple cases have been dismissed based on Plaintiff's failure to comply with the Court's orders. See Bishop v. Miller, et al.,

CIV-13-784-C, dismissed for failing to provide adequate support for in forma pauperis request; Bishop v. State of Oklahoma, CIV-13-785-R, dismissed for failing to pay filing fee or file motion to proceed in forma pauperis; Bishop v. Miller, et al., CIV-14-560-C, dismissed for failure to follow Court's Order, including Order to timely serve Defendants; Bishop v. Talley, et al., CIV-14-561-C, dismissed for failing to correct deficiencies in Complaint, pay filing fee or file motion to proceed in forma pauperis; Bishop v. Telly, et al., CIV-14-763-C, dismissed on initial screening pursuant to 28 U.S.C. § 1915(e)(2) for failing to state a claim for relief; Bishop v. A and R Population, CIV-14-975-C, dismissed on initial screening pursuant to 28 U.S.C. § 1915A(b)(2) and §1915(e)(2)(B)(iii) based on Eleventh Amendment immunity; and Bishop v. Oklahoma County, CIV-15-55-C, dismissed for failure to pay filing fee or obtain leave to proceed in forma pauperis. Other cases filed by Plaintiff are still pending: Bishop v. Jester, et al., CIV-14-678-C; Bishop v. Stewart, et al., CIV-14-775-C; Bishop v. State of Oklahoma, CIV-14-1002-R; Bishop v. Whetsel, et al., CIV-15-54-C; Bishop v. Miller, et al., CIV-15-397-C; and Bishop v. Cox, et al., CIV-15-421-C.[1]

As this list demonstrates, Plaintiff is a frequent filer. However, as this matter may ripen into his third "strike," that status may soon end. 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an

---

[1] The Court notes that an R&R has been issued in this case recommending dismissal for failure to pay the filing fee or seek leave to proceed in forma pauperis.

action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff accrued his first "strike" in Bishop v. Telly, et al., CIV-14-763-C. In that case, Plaintiff attempted to bring a 42 U.S.C. § 1983 action against individuals who were not state actors. The case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff did not appeal this decision and the time to do so has passed, the dismissal has ripened into a strike. See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999). In Bishop v. A and R Population, CIV-14-975-C, Plaintiff received his second "strike." There, Plaintiff brought a 42 U.S.C. § 1983 action that the Court found was barred by the Eleventh Amendment and, to the extent not barred, was frivolous. The case was dismissed pursuant to 28 U.S.C. § 1915A(b)(2) and § 1915(e)(2)(B)(iii). Those portions of the relevant statutes do not normally support assignment of a strike. However, as noted above, the Court also found that those portions of Plaintiff's case which were not barred by immunity were frivolous. On that basis the Magistrate Judge recommended and the Court adopted assignment of a strike. See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1179 (10th Cir. 2011) (noting courts should avoid a hyper-technical application of § 1915(g) which would prevent assignment of a "strike"). Because Plaintiff did not appeal and his time to do so has passed, that strike has ripened. See Jennings, 175 F.3d 775, 780 (10th Cir. 1999).

As noted above, the present action is frivolous and fails to state a claim for relief. Accordingly, the present dismissal counts as Plaintiff's third and final "strike" pursuant to 28 U.S.C. § 1915(g).[2]

Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge, and for the reasons announced therein, the Complaint is dismissed without prejudice.

IT IS SO ORDERED this 20th day of May, 2015.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge

---

[2] Consistent with the Tenth Circuit precedent noted herein, this third "strike" is not ripe until affirmed on appeal or until Plaintiff's appeal time has expired with no appeal.